IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **REMY BUBBA KUSH,**<br><br>　　　　　　　　　**Plaintiff,**<br>v.<br><br>**WILLIAM HENRY GATES III, ANTHONY STEPHEN FAUCI, SPENCER JAMES COX, BONEVILLE INTERNATIONAL d/b/a KSL.COM TV, CENTERS FOR DISEASE CONTROL, NATIONAL INSTITUTE OF ALLERGY AND INFECTIOUS DISEASES, NATIONAL INSTITUTE OF HEALTH and FOODS AND DRUG ADMINISTRATION,**<br><br>　　　　　　　　　**Defendants.** | **MEMORANDUM DECISION AND ORDER PERMITTING PLAINTIFF TO FILE AMENDED COMPLAINT**<br><br>**Case No. 2:23-cv-00457**<br><br>**District Court Judge Jill N. Parrish**<br><br>**Magistrate Judge Dustin B. Pead** |

　　　On July 17, 2023, the court granted Plaintiff Remy Bubba Kush's ("Plaintiff" or "Kush") motion for leave to proceed in forma pauperis and Plaintiff's complaint against Defendants William Henry Gates III, Anthony Stephen Fauci, Spencer James Cox, Bonneville International d/b/a/ KSL.Com TV, Centers for Disease Control, National Institute of Allergy and Infectious Diseases, National Institute of Health and Foods and the Drug Administration (collectively "Defendants") was placed on the court docket.[1]

　　　Because Kush proceeds in forma pauperis, the court reviews the sufficiency of the pleading under the authority of 28 U.S.C. § 1915.[2] For the reasons set forth herein, the court finds the

---

[1] ECF No. 4, Order Granting Leave to Proceed In Forma Pauperis; ECF No. 5, Complaint.

[2] 28 U.S.C. § 1915(e).

complaint deficient but allows Plaintiff to file an amended complaint to correct these deficiencies by **September 18, 2023.**

## STANDARD OF REVIEW

Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[3] The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4] To help facilitate that objective, the in forma pauperis statute provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[5] When determining whether to dismiss for failure to state a claim, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12.[6]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] The court accepts well-pleaded allegations as true

---

[3] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[4] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (*citing Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[5] *Id.*

[6] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007); Fed. R. Civ. P. 12(b)(6).

[7] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8]

As a pro se litigant, the Court construes Plaintiff's complaint liberally and holds Kush's pleadings to a less stringent standard than formal pleadings drafted by lawyers.[9] Yet even under a liberal review, Plaintiff is not excused from compliance with federal pleading requirements or from stating a claim for which relief may be granted.[10] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[11] It "is not the proper function of the Court to assume the role of advocate for a pro se litigant,"[12] and the court should not "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded."[13]

## DISCUSSION

### I. The Complaint Fails To State A Claim Upon Which Relief May Be Granted.

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads

---

[8] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[9] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[11] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[12] *Hall*, 935 at 1110.

[13] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d 954, 110 S. Ct. 871 (1990).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic* 550 U.S. at 570)).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

Here, Plaintiff's complaint lacks coherent factual allegations and fails to state a plausible claim for relief. Plaintiff asserts Defendants violated of 18 U.S.C. § 1901, stating "COVID was a pharmaceutical-military-industrial complex operation" and the "Certificate of Vaccination Identification Psychological [and] Biological Operation was . . . a genocide/war/crime against all humanity."[16] Kush contends Defendants helped plan and "operate the event criminally" and asks the court to jail Defendants and liquidate their assets to "pay for the damages from the gene therapy technology they lied and called vaccines."[17] 18 U.S.C. § 1901, however, is a criminal statute prohibiting genocide and "as a private citizen, Plaintiff is unable to prosecute this federal criminal charge directly or via a § 1983 claim."[18]

Upon review, Plaintiff's claim in unintelligible and fails to support any cognizable claim for relief. Thus, because the complaint fails to provide any factual content that allows the court to reasonably infer that Defendants are liable for any misconduct, it is subject to dismissal.[19] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it

---

[15] *Id.*

[16] ECF No. 5 at 4.

[17] *Id.*

[18] *Phillips v. City of Pittsburgh,* 2022 U.S. Dist. LEXIS 42096, * 4-5 (W.D. Penn. March 9, 2022) (dismissing pro se complaint alleging criminal violation of 18 U.S.C. § 1091); *see also Saleem v. Helman,* 1997 U.S. App. LEXIS 22572, at *9 (7th Cir. 1997) ("Nothing in § 1091 suggests that Congress intended to create a private right of action"); *Linda R. S. v. Richard D.,* 410 U.S. 614, 619 (1973) (" a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

[19] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[20]

## CONCLUSION

The court ORDERS as follows:

1.  Plaintiff may file an amended complaint by **September 18, 2023.** The words "Amended Complaint" should appear in the caption of the document.

2.  Plaintiff is advised that an amended complaint will completely replace all prior versions of the complaint and claims which are not realleged in the amended pleading will be deemed abandoned.[21]

3.  Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

4.  Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's July 14, 2023, order[22] remains in place.

5.  Failure to file an amended complaint may result in dismissal of this action.

DATED this 28 August 2023.

                            Magistrate Judge Dustin B. Pead
                            United States District Court for the District of Utah

---

[20] *Kay,* 500 F.3d at 1217 (internal quotation marks omitted).

[21] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect.") (*citing Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

[22] ECF No. 4.