IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| REMY BUBBA KUSH,<br><br>         **Plaintiff,**<br><br>vs.<br><br>WILLIAM HENRY GATES III, ANTHONY STEPHEN FAUCI, SPENCER JAMES COX, BONEVILLE INTERNATIONAL, CENTERS FOR DISEASE CONTROL, NATIONAL INSTITUTE OF ALLERGY AND INFECTIOUS DISEASES, NATIONAL INSTITUTE OF HEALTH and FOOD AND DRUG ADMINISTRATION,<br><br>         **Defendants.** | **REPORT & RECOMMENDATION**<br><br>Case No.  2:23-cv-00457<br><br>**District Court Judge Jill N. Parrish**<br><br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION

  The case is before the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Jill N. Parrish.[1] (ECF No. 6, Order of Reference.)

  On July 17, 2023, Plaintiff Remy Bubba Kush ("Kush" or "Plaintiff"), proceeding *in forma pauperis* and without an attorney, filed this action against Defendants William Henry Gates III, Anthony Stephon Fauci, Spencer James Cox, Boneville International, Centers For Disease Control, National Institution of Allergy and Infectious Diseases, National Institute of Health and the Food and Drug Administration (collectively "Defendants"). (ECF No. 9,

1

Complaint.) After screening Kush's complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court permitted Plaintiff to file an amended complaint no later than September 18, 2023. (ECF No. 9, Memorandum Decision.) The court noted that failure to file an amended complaint could result in dismissal of the action. (*Id.* at 5.) This deadline has passed, and Kush has not filed an amended complaint.

Because Plaintiff's complaint fails to state a plausible claim for relief, the court recommends that the action be dismissed without prejudice.

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis,* the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis,* 500 F.3d 1214, 1217 (10th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 547 (2007)).

The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2014). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming,*

---

[1] *See also,* Federal Rule of Civil Procedure 73; District of Utah's General Order, 20-034.

*LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011). This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Image Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

Because Plaintiff proceeds without an attorney, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005). For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted). While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall,* 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States,* 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

Kush's complaint lacks coherent factual allegations and fails to state a plausible claim for relief. Plaintiff's complaint alleges "COVID was a pharmaceutical-military-industrial complex operation" and the "Certificate of Vaccination Identification Psychological [and] Biological Operation was . . . a genocide/war/crime against all humanity." (ECF No. 5 at 4.) Kush goes on to assert that Defendants helped plan and "operate the event criminally" and asks the court to jail

Defendants and liquidate their assets to "pay for the damages from the gene therapy technology they lied and called vaccines." (*Id.*) These allegations are unintelligible and fail to support any cognizable claim. In turn, Kush brings his case pursuant to 18 U.S.C. § 1091. 18 U.S.C. § 1901, however, is a criminal statue prohibiting genocide and "as a private citizen, Plaintiff is unable to prosecute this federal criminal charge directly or via a § 1983 claim." *Phillips v. City of Pittsburgh,* 2022 U.S. Dist. LEXIS 42096, at *4-5 (W.D. Penn. March 9, 2022) (dismissing pro se complaint alleging criminal violation of 18 U.S.C. § 1091); *see also Saleem v. Helman,* 1997 U.S. App. LEXIS 22572, at *9 (7th Cir. 1997) ("Nothing in § 1091 suggests that Congress intended to create a private right of action"); *Linda R. S. v. Richard D.,* 410 U.S. 614, 619 (1973) (" a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")  Thus, Kush fails to state a claim under the statue referenced in the complaint.

Dismissal of a pro se complaint for failure to state a claim "is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay,* 500 F.3d at 1217 (internal quotation marks omitted). Here, the court previously identified these deficiencies and gave Plaintiff an opportunity to amend the complaint to correct them, but Kush failed to do so. Therefore, further opportunities to amend would be futile and dismissal with prejudice is appropriate. *Porter v. Crow,* 2020 U.S. Dist. LEXIS 22561, at * 13 fn. 11 ("because there is no private cause of action [for a § 1091 claim] it would be futile to permit Plaintiff an opportunity to amend that claim" and dismissal with prejudice is appropriate); *see Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) *and* granting leave to amend would be futile.") (emphasis added).

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that the District Court dismiss Plaintiff's action with prejudice for failure to state a claim.

The Clerk's Office is directed to send copies of this Report and Recommendation to all parties who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. Failure to object may constitution waiver of the objections upon subsequent review.

DATED this 22nd day of September 2023.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court